### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### CASE NO.: 8:18-cv-01145-VMC-JSS

SEUGNE BOTHA

      Plaintiff,

v.

SONY MUSIC ENTERTAINMENT,              **DISPOSITIVE MOTION**
ORCHARD ENTERPRISES NY, INC.,        **ORAL ARGUMENT REQUESTED**
APPLE INC.,
AMAZON.COM, INC.,
SPOTIFY USA INC.,
GOOGLE, INC.,
MICROSOFT, INC.,
DEEZER, INC.,
SHAZAM MEDIA SERVICES INC.,
MEDIANET, INC.,
CD UNIVERSE, INC.,
SAAVN, LLC,
NAPSTER, INC.,
MUSIXMATCH US CORPORATION, and
ALIBABA GROUP (U.S.) INC.

      Defendants.

_____/

### SHAZAM MEDIA SERVICES INC.'S MOTION TO DISMISS
### PLAINTIFF'S FIRST AMENDED COMPLAINT
### <u>AND INCORPORATED MEMORANDUM OF LAW</u>

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND .................................................................................2

    A.    Botha's Musical Works........................................................................2

    B.    Botha Distributed Her Musical Works in South Africa......................2

    C.    Botha Alleges Shazam Violated Her Copyrighted Musical Works.....3

MEMORANDUM OF LAW .................................................................................5

I.    Botha Has Failed to Allege a Copyright Infringement Claim. ...................5

    A.    The Motion to Dismiss Standard, Generally.......................................5

    B.    The Court May Consider Matters Referenced in the Complaint, Integral to Botha's Claim, and Subject to Judicial Notice................6

    C.    Botha Baldly Alleges that Shazam "Publishes and Distributes" Music.................................................................................................8

    D.    Botha Sued SMS, the Incorrect Entity.............................................10

    E.    Botha Fails To Allege that Shazam Infringed In The United States...............11

II.    Botha's Request for Statutory Damages and Attorneys' Fees is Barred by the Copyright Act Because of Botha's Untimely Registration....................14

III.    Botha's Florida Unfair Competition Claim Fails as a Matter of Law. ........15

IV.    Venue is Proper in the Southern District of New York. ..............................15

CONCLUSION...................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adjmi v. DLT Entm't Ltd.*,
　97 F. Supp. 3d 512 (S.D.N.Y. 2015)....................................................................7

*Appalachian Enters, Inc. v. ePayment Solutions, Ltd.*,
　No. 01-cv-11502(GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004)..............................4

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)........................................................................................5

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)........................................................................................5

*Bounds v. Hanneman*,
　No. CIV. 13-266 JRT/FLN, 2014 WL 1303711 (D. Minn. Feb. 4, 2014)........................10

*Brownmark Films, LLC v. Comedy Partners*,
　682 F.3d 687 (7th Cir. 2012) ...........................................................................7

*Burnett v. Twentieth Century Fox*,
　491 F. Supp. 2d 962 (C.D. Cal. 2007) ................................................................7

*Canal+ Image UK Ltd. v. Lutvak*,
　773 F. Supp. 2d 419 (S.D.N.Y. 2011)..................................................................6

*Chambers v. Time Warner, Inc.*,
　282 F.3d 147 (2d Cir. 2002)..............................................................................6

*Chang v. JPMorgan Chase Bank, N.A.*,
　845 F.3d 1087 (11th Cir. 2017) .........................................................................5

*City of Inglewood v. Teixiera*,
　No. CV-15-01815, 2015 WL 5025839 (C.D. Cal. Aug. 20, 2015)...................................7

*Cortec Indus., Inc. v. Sum Holding L.P.*,
　949 F.2d 42 (2d Cir. 1991)................................................................................6

*Datacarrier, S.A. v. WOCCU Servs. Group*,
　221 F. Supp. 3d 1078 (W.D. Wis. 2016) .............................................................11

*Desiano v. Warner-Lambert & Co.*,
　467 F.3d 85 (2d Cir. 2006)................................................................................2

*Marriage of Dias*,
 No. F075877, 2018 WL 3102773 (Cal. Ct. App. June 22, 2018) ........................7

*Duplan v. City of New York*,
 888 F.3d 612 (2d Cir. 2018)..................................................................2

*Elmo Shropshire v. Canning*,
 No. 10-cv-01941-LHK, 2011 WL 90136 (N.D. Cal. Jan. 11, 2011) ..........................13, 14

 809 F. Supp. 2d 1139 (N.D. Cal. 2011) ....................................................14

*Godelia v. Doe 1*,
 881 F.3d 1309 (11th Cir. 2018) .............................................................5

*Guadagno v. Wallack Ader Levithan Associates*,
 932 F. Supp. 94 (S.D.N.Y. 1996)...........................................................13

*Hutson v. Notorious B.I.G.*, LLC
 No. 14-CV-2307 (RJS), 2015 WL 9450623 (S.D.N.Y. Dec. 22, 2015) ....................11, 14

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
 62 F.3d 69 (2d Cir. 1995) .................................................................6

*Jackson v. Bellsouth Telecomms.*,
 372 F.3d 1250 (11th Cir. 2004) .............................................................2

*Jacobs v. Carnival Corp.*,
 No. 06 CIV 0606 (DAB), 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) .........................9

*Junel Food Ctr. Corp. v. United States*,
 No. 97 CIV 7181 (JFK), 1997 WL 634175 (S.D.N.Y. Oct. 15, 1997)...........................10

*Kelly v. L.L. Cool J.*,
 145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd sub nom.*
 *Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994) .........................................9, 10

*Kirch v. Liberty Media Corp.*,
 449 F.3d 388 (2d Cir. 2006)................................................................8

*Kirtsaeng v. John Wiley & Sons, Inc.*,
 568 U.S. 519 (2013).......................................................................11

*Kousnsky v. Amazon.Com, Inc.*,
 631 Fed. Appx. 22 (2d Cir. 2015) ..........................................................9

*L-7 Designs, Inc. v. Old Navy, LLC*,
 647 F.3d 419 (2d Cir. 2011)..............................................................5, 6

*Laborers Local 17 Health & Ben. Fund v. Philip Morris, Inc.*,
    26 F. Supp. 2d 593 (S.D.N.Y. 1998)................................................................10

*Lambertini v. Fain*,
    No. 12-CV-3964 DRH ARL, 2014 WL 4659266 (E.D.N.Y. Sept. 17, 2014)....................9

*Levitin v. Sony Music Entm't*,
    101 F. Supp. 3d 376, 384–86 (S.D.N.Y. 2015)....................................................12, 13, 14

*Lippe v. Bairnco Corp.*,
    225 B.R. 846 (S.D.N.Y. 1998)........................................................................4

*Lynch v. Amoruso*,
    232 F. Supp. 3d 460, 471 (S.D.N.Y. 2017)........................................................14

*Palmer v. Braun*,
    376 F.3d 1254 (11th Cir. 2004) ....................................................................11

*Poindexter v. EMI Record Grp. Inc.*,
    No. 11 CIV. 559, 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012) ......................................13

*Ritani, LLC v. Aghjayan*,
    880 F.Supp.2d 425 (S.D.N.Y. 2012)..................................................................9

*Sira v. Morton*,
    380 F.3d 57 (2d Cir. 2004)............................................................................6

*State v. Smith*,
    192 So. 3d 836 (La. Ct. App. 2016)....................................................................7

*Subafilms, Ltd. v. MGM–Pathe Communications*,
    24 F.3d 1088 (9th Cir. 1994) (en banc) ............................................................11

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
    843 F.2d 67 (2d Cir. 1988)..........................................................................11

*Well-Made Toy Mfg. Corp. v. Lotus Onda Indus. Co., Ltd.*,
    No. 02 CIV. 1151 (CBM), 2003 WL 42001 (S.D.N.Y. Jan. 6, 2003) ...............................11

*Woods v. Carter*,
    No. 15 C 9877, 2016 WL 640526 (N.D. Ill. Feb. 18, 2016)..........................................7

## Statutes

17 U.S.C. § 512...........................................................................................8

28 U.S.C. § 1404..........................................................................................15

United States Copyright Act ...................................................................... *passim*

Section 412 of the Copyright Act ....................................................................................14, 15

Section 505 of the Copyright Act ..........................................................................................14

Digital Millennium Copyright Act ...........................................................................................8

**Other Authorities**

Fed. R. Civ. P. 8 .....................................................................................................................4

Fed. R. Civ. P. 12(b)(1) .........................................................................................................14

Fed. R. Civ. P. 12(b)(6) ................................................................................................ *passim*

Defendant, Shazam Media Services Inc. ("SMS")[1] respectfully submits this memorandum of law seeking the dismissal of the First Amended Complaint ("FAC") filed on behalf of plaintiff Seugne Botha ("Plaintiff" or "Botha") (D.E. 35).

## INTRODUCTION

Shazam owns a popular mobile software application, or "app," that allows curious users to identify music playing within hearing range. The word "shazam" – traditionally uttered by magicians to indicate an instantaneous transformation or appearance – is a fitting name for the app. A Shazam user need barely wave a smartphone like a wand at the source of the sound and the app generates useful reference information about that ambient music.[2]

Botha's FAC attempts to allege that Shazam's app infringes her purported copyrighted musical works; however, the FAC suffers from an array of pleading ailments that mandate dismissal, including the failure to:

(i)     Allege **any** facts that support her bald allegations that Shazam "publishes and distributes" music (instead, Botha indiscriminately – and improperly – lumps Shazam in with all of the defendants on this point);

(ii)     Name the correct legal entity (Botha incorrectly named SMS, a marketing company that has no involvement with the operation of the app); and

(iii)     Allege that Shazam committed any alleged infringing act inside the United States (Shazam resides in and operates from the United Kingdom).

For reasons summarized above and particularized below, the Court should dismiss Botha's copyright infringement claim against Shazam, with prejudice.

---

[1] As noted herein, Plaintiff erroneously sued Shazam Media Services Inc. The proper entity is Shazam Entertainment Limited ("Shazam").

[2] *See generally* NBC News, "Audio Fingerprinting Explained: Shazam" (Jan. 11, 2015), *available at* https://www.youtube.com/watch?v=h8fYOd3Dzac (last visited July 20, 2018). As explained in Section I(B) of this Motion, the Court make take judicial notice of the YouTube video.

## FACTUAL BACKGROUND[3]

**A.      Botha's Musical Works**.

Botha is a South African Afrikaans gospel singer, composer and producer.   Between December 2011 and April 2012, Botha allegedly composed the music and lyrics to two songs, entitled: (i) "U is Daar" ("U Are There") and (ii) "Ek Slaan My Oe Na Die Berge" ("I Lift My Eyes to the Mountains") (collectively, "Songs").   (*See* FAC ¶¶ 23-24).   Thereafter, between April 30, 2013 and May 15, 2013, Botha reportedly recorded the Songs in South Africa.   Botha also allegedly recorded and arranged an album entitled "U Alleen is God" ("Album"), which included the Songs, as well as eleven other musical works purportedly selected, recorded and arranged by Botha.   (*Id.* ¶ 33).

**B.      Botha Distributed Her Musical Works in South Africa**.

Botha and Maranatha Record Company ("Maranatha") purportedly negotiated an agreement for the distribution of a compact disc (CD) in South Africa ("Distribution Agreement").   (*See id.* ¶ 28 & Ex. C).   Botha claims that Maranatha signed the Distribution Agreement on July 18, 2013, but that Botha did not sign it.   (*Id.*).   Botha further alleges that she granted Maranatha an oral license to distribute the Album via iTunes in South Africa. (*Id.* ¶ 33).   The Distribution Agreement and oral license both purportedly terminated on October 14, 2014.   (*Id.* ¶¶ 29, 33).

Botha alleges, with no factual support, that: (i) Maranatha unlawfully passed the

---

[3] The following factual allegations are accepted as true for the purposes of this Court's resolution of the motion to dismiss.   *See Duplan v. City of New York*, 888 F.3d 612, 617 (2d Cir. 2018); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).   As a consequence of the Court's tentative oral ruling granting Defendants' Motion to Transfer Venue to the Southern District of New York (D.E. 73) during the July 17, 2018 Case Management Hearing (which is to be memorialized in a forthcoming written order), Second Circuit precedent governs the copyright claims. *See Desiano v. Warner-Lambert & Co.*,467 F.3d 85 (2d Cir. 2006) ("We have previously held that a transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit. . . .") (quoting *Menowitz v. Brown*, 991, F.2d 36, 40 (2d Cir. 1993)).   Nonetheless, in an abundance of caution, Shazam periodically cites to Eleventh Circuit jurisprudence, when appropriate.

Songs and Album (collectively, the "Works") to Next Music, a South African Indie Company ("Next Music"); (ii) Next Music unlawfully passed the works to The Orchard; and (iii) The Orchard "henceforth passed the Songs and Album to the 'Online Distributors'[4] for distribution." (*See id.* ¶ 48). She claims that, in approximately December 2017, she discovered that the Online Distributors' websites offered for sale: (i) the Songs, individually; (ii) the Album; as well as (iii) a compilation album "Loof Hom Vol. 3" which included the song "Ek Slaan My Oe Na Die Berge" as a track. (*Id.* ¶¶ 40-42). The websites and mobile phone screenshots attached to the FAC suggest that the Online Distributors made the Works available, if at all, in countries outside of the United States, primarily South Africa. (*See, e.g.*, Exs. F-H) (suggesting, in many instances, that the Works are stored in a foreign server or domain, such as: (i) raru.co.za; (ii) google.co.za; (iii) gb.napster.com; (iv) itunes.apple.com/za; and (v) xiami.com (website in Mandarin)).

Botha claims that none of the fifteen defendants ("Defendants") possessed a license to distribute the Works and they all failed to perform any due diligence to ensure that proper rights had been granted by Botha. (*Id.* ¶¶ 53-54). She further claims that Defendants used her name, photograph and Album packaging in promoting the Works for sale. (*Id.* ¶ 50).

## C. Botha Alleges Shazam Violated Her Copyrighted Musical Works.

Botha levies indiscriminate, overbroad, inconsistent and unsupported allegations against Shazam in an attempt to manufacture a theory of infringement.

The FAC simultaneously lumps Shazam with the Online Distributors (*id.* ¶ 14), the

---

[4] Botha defines the "Online Distributors" as Apple, Inc. ("Apple"), Amazon.com, Inc., Spotify USA Inc., Microsoft Corporation, CD Universe, Inc., Google LLC, Deezer, Inc., MediaNet, Inc., Saavn, LLC, Napster, Inc., Musixmatch US Corporation and Alibaba Group (U.S.) Inc. (*See* FAC ¶ 14, n.1).

"Referring Defendants"[5] (*id.* ¶ 71), and the collective fifteen defendants (*id.* ¶¶ 49-51, 53-56, 64).[6]   Botha contradicts her own allegations, alleging that Shazam is both one of the Defendants that "publish and distribute" music "online" (*id.* ¶¶ 11, 49), as well as one of the Referring Defendants (the only one specifically named) that receives and "identif[ies]" musical works (*id.* ¶ 71).

In the few instances in which Shazam is specifically identified, Botha's allegations are qualified.  (*See id.* ¶¶ 71-76).  Botha alleges "upon information and belief" that Shazam, as one of the Referring Defendants, "made an unlawful copy of Botha's Works each time they create a song's fingerprint ('Fingerprint')."   (*Id.* ¶ 72).   Botha similarly alleges, in conclusory fashion, that Shazam "made unlawful copies of Botha's Works when sending, or prior to sending, referrals to Defendants, including but not limited to, Apple and Google." (*Id.* ¶ 71).   Botha further alleges that the amounts paid to Shazam by Apple and Google when users elect to purchase Botha's identified works is collected "in reckless disregard of Botha's copyrights because, *inter alia*, no RCP ["rights clearing process"] exists to ensure that the artist's rights are not violated."   (*Id.* ¶ 76).

---

[5] The FAC appears to define "Referring Defendants" as those Defendants, including Shazam, "that identify songs on behalf of consumers by allowing consumers to hold their smartphones, tablets and similar devices, up to a music or television sound clip ('Clip')."  (FAC ¶ 71).

[6] Botha's lumping of all Defendants together without differentiation violates Rule 8 of the Federal Rules of Civil Procedure.  *See Appalachian Enters, Inc. v. ePayment Solutions, Ltd.*, No. 01-cv-11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) ("***A plaintiff fails to satisfy Rule 8, where the complaint lumps all of the defendants together and fails to distinguish their conduct*** because such allegations fail to give adequate notice to the defendants as to what they did wrong.") (internal quotation marks and citations omitted) (emphasis added); *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) ("plaintiffs cannot simply 'lump' all of the defendants together and allege that the purported acts of every defendant can be imputed to every other defendant").

## MEMORANDUM OF LAW

I.  **Botha Has Failed to Allege a Copyright Infringement Claim**

    A.  **The Motion to Dismiss Standard, Generally**.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[F]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* 556 U.S. at 678.   In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, plausibly give rise to an entitlement to relief." *Id.* at 679.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556); *accord L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011); *Godelia v. Doe 1*, 881 F.3d 1309, 1316 (11th Cir. 2018).

## B.   The Court May Consider Matters Referenced in the Complaint, Integral to Botha's Claim, and Subject to Judicial Notice.

It is well settled that in ruling on a motion to dismiss, the Court may draw on its "judicial experience and common sense" and consider: (1) "any written instrument attached to [the complaint] as an exhibit," (2) "materials incorporated by reference," and (3) "documents that, although not incorporated by reference, are integral to the complaint." *L-7 Designs*, 647 F.3d at 422 (internal quotation marks omitted); *see also Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Court may also consider documents not attached to the complaint without converting the 12(b)(6) dismissal motion into a motion for summary judgment where the plaintiff has actual notice and has relied upon the documents in framing the complaint (*i.e.*, they are "integral" to the plaintiff's claim). *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (When a document is not attached to the complaint or incorporated by reference, but is relied upon and integral to the complaint, "the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (citation omitted).[7]

---

[7] *Cf. Canal+ Image UK Ltd. v. Lutvak*, 773 F. Supp. 2d 419, 427 (S.D.N.Y. 2011) ("Where Canal+ repeatedly characterizes or invokes the Novel, the Film, and the Musical in its complaint, alleges that the Musical 'is nothing more than *Kind Hearts and Coronets* under a different name,' and has alleged a claim for copyright infringement which requires proof that the Musical is substantially similar to the Film, it is plain that the Novel,

The incorporation by reference doctrine extends beyond just mere documents and applies with equal force to songs, films, television program and audio-visual works.  *See, e.g., Burnett v. Twentieth Century Fox*, 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007) (television episodes on a 12(b)(6) motion); *Adjmi v. DLT Entm't Ltd.*, 97 F. Supp. 3d 512, 516 (S.D.N.Y. 2015) (nine seasons of a television show on a Rule 12(c) motion); *Woods v. Carter*, No. 15 C 9877, 2016 WL 640526, at *3 (N.D. Ill. Feb. 18, 2016) (YouTube music video to assess song lyrics on a Rule 12(b)(6) motion).  As explained by the Seventh Circuit, "we think it makes eminently good sense to extend [the incorporation by reference] doctrine to cover such [audio-visual] works, especially in light of technological changes." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012).

Applying this same principle, courts have considered the existence and functionality of mobile applications, comparable to Shazam, through judicial notice.  *See, e.g., State v. Smith*, 192 So. 3d 836 (La. Ct. App. 2016) (taking judicial notice of Instagram);[8] *Marriage of Dias*, No. F075877, 2018 WL 3102773, at *4 (Cal. Ct. App. June 22, 2018) ("On our own motion, we take judicial notice that FaceTime is a video-conferencing application available on Apple electronic devices, e.g., the iPhone and iPad."); *City of Inglewood v. Teixiera*, No. CV-15-01815, 2015 WL 5025839, at *2 (C.D. Cal. Aug. 20, 2015) (taking judicial notice of six videos on YouTube, as well as screenshots of the YouTube pages for those videos).

Accordingly, the Court may consider the existence and functionality of the Shazam

the Film, and the Musical are integral to the complaint. Accordingly, the Court will consider these works for purposes of Defendants' motion to dismiss.").

[8] *Id.* at 838 ("We take judicial notice that Instagram is an online mobile social networking service that allows its users to share photos and videos, privately or publicly, with friends and other users on the mobile application or on other social networking platforms, like Facebook or Twitter.  Instagram users are also able to leave comments on each other's photo or video posts, offering a means of virtual communication across its platform.").

app on a motion to dismiss, either (i) by incorporation by reference, (ii) because the Shazam

app is integral to Botha's copyright infringement claims, or (iii) through judicial notice.

### C.  Botha Baldly Alleges that Shazam "Publishes and Distributes" Music.[9]

Botha's allegations of infringement against Shazam fail under Federal Rule of Civil

Procedure 8 and the *Twombly/Iqbal* pleading standard.  Specifically, paragraphs 49-51, 53-56

and 64 offer **no** factual content in support of their naked conclusion that Shazam "publishes

and distributes" music.  Devoid of fact, these allegations are not entitled to any presumption

of truth.  *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) ("[C]onclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat

a motion to dismiss.").  Further, as apparent from an even a cursory use of the Shazam app,

Shazam does not "publish and distribute" any music online.  Consequently, no facially

plausible claim can be made that Shazam has ever "published or distributed" any of Botha's

Works.

The balance of Botha's allegations against Shazam are that it infringed her copyrights

by creating audio fingerprints of her Works and "when sending, or prior to sending,

referrals"[10] to Apple and Google.  (*See* FAC ¶ 71).  These allegations fail to state a claim of

copyright infringement because they fail to identify which of Botha's Section 106 rights are

infringed by the referral process, as well as the specific copyrightable elements of Botha's

---

[9] Botha's conclusory allegations that Shazam publishes and distributes music contradicts her prior position that Shazam constitutes a service provider under the Digital Millennium Copyright Act ("DMCA").  (*See* Botha's June 7, 2018 "DMCA Takedown Notice," a true and correct copy of which is attached hereto as **Exhibit 1**).  *See also* 17 U.S.C. § 512(k)(1) (defining a "service provider" as "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received").  Shazam expressly reserves the right to raise a safe harbor immunity affirmative defense under the DMCA.

[10] The FAC makes no attempt to define the term "referral."  Shazam is a user-driven and directed app.  To the extent that Botha's use of "referral" is a reference to Shazam's provision of metadata to link a user to third-party digital music streaming services for a recognized musical work, no good faith claim can be made that Botha's Works are copied during this referral process.

Works that Shazam is alleged to have copied.  *See, e.g.*, *Lambertini v. Fain*, No. 12-CV-3964 DRH ARL, 2014 WL 4659266, at *4 (E.D.N.Y. Sept. 17, 2014) (dismissing copyright infringement claims based on vague and conclusory allegations of copying and the failure to identify the specific protectable elements of the copyrighted work alleged to have been infringed, noting that the plaintiff "has the burden of properly alleging her claim, which includes, *inter alia,* alleging that Defendant copied her work, and identifying with some degree of specificity how Defendant's works are substantially similar to her own."); *Ritani, LLC v. Aghjayan*, 880 F.Supp.2d 425, 441–42 (S.D.N.Y. 2012) (dismissing copyright claims absent a sufficient pleading of facts concerning how the works were substantially similar, "including identifying the protectable elements of the works as part of its claim.").

Botha's infringement-by-fingerprinting allegations also fail the four-pronged test enunciated by the Southern District of New York in *Kelly v. L.L. Cool J*; specifically the fourth prong: "A properly ple[d] copyright infringement claim must allege . . . 4) by what acts and during what time the defendant infringed the copyright."  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994); *see also Kousnsky v. Amazon.Com, Inc.*, 631 Fed. Appx. 22, 25 (2d Cir. 2015) ("As alleged, that claim was not plausible: Kousnsky did not articulate how or when Pyramid 'created' and sold his work.").  The FAC is completely devoid of any factual allegations concerning how, when or where Shazam copied her Works, rendering her copyright claims dismissible.  *See Jacobs v. Carnival Corp.*, No. 06 CIV. 0606 (DAB), 2009 WL 856637, at *5 (S.D.N.Y. Mar. 25, 2009) (dismissing copyright claims where "[t]here is no question that Plaintiffs have failed with these pleadings to allege during what time [the Defendant] infringed the copyrights to their works, and thus have failed to satisfy the fourth requirement

of *Kelly* in their pleadings . . . In fact, Plaintiffs make no reference whatsoever to time in the Complaint . . . [and] failed to submit with any specificity *where* the alleged performances took place . . . .") (internal citations and quotation marks omitted).

### D.   Botha Sued SMS, the Incorrect Entity.

Botha's mistaken claims that Shazam publishes and distributes music are compounded by the fact that FAC incorrectly names SMS, erroneously stating that SMS is a corporation "engaged in online music distribution with its principal place of business located" in New York.  (FAC ¶ 11).  This is incorrect.  Shazam owns and operates the Shazam app.  (*See* Kerle Decl., attached hereto as **Exhibit 2**, at ¶¶ 5-6).[11]

SMS is a wholly-owned U.S. subsidiary of Shazam, a U.K. corporation headquartered in London, England. (*Id.* ¶¶ 1, 4).  SMS is primarily dedicated to the sale of advertising on the Shazam app in the United States.  (*Id.* ¶ 6).  All of the infrastructure deployed to support the app is controlled by Shazam, and the ownership of all intellectual property rights in relation to the Shazam app is vested in U.K.-registered Shazam group companies.  (*Id.*).  SMS had no involvement with the recognition of Botha's Works on the Shazam app, as alleged by Botha.  (*Id.* ¶ 7).

Given its lack of any involvement with Botha's Works, SMS should be dismissed from this action.  *Junel Food Ctr. Corp. v. United States*, No. 97 CIV. 7181 (JFK), 1997 WL 634175, at *1 (S.D.N.Y. Oct. 15, 1997) ("On March 28, 1997, the Court denied the injunction and dismissed the complaint because Junel had sued the wrong entity."); *Bounds v. Hanneman*, No. CIV. 13-266 JRT/FLN, 2014 WL 1303711, at *3 (D. Minn. Feb. 4, 2014),

---

[11] The Court may consider matters extrinsic to the complaint when a challenge is raised to the Court's personal jurisdiction.  *Laborers Local 17 Health & Ben. Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 604 (S.D.N.Y. 1998).

*report and recommendation adopted in part*, No. CIV. 13-266 JRT/FLN, 2014 WL 1303715 (D. Minn. Mar. 31, 2014) (dismissing the wrongly-named entities).

### E.    Botha Fails To Allege that Shazam Infringed In The United States.[12]

The United States Copyright Act does not apply extraterritorially. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013); *Hutson v. Notorious B.I.G.*, LLC, No. 14-CV-2307 (RJS), 2015 WL 9450623, at *6 (S.D.N.Y. Dec. 22, 2015) ("[T]he Second Circuit has long recognized that the federal Copyright Act does not have extraterritorial application") (citing *Robert Stigwood Grp. Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976); *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)) (internal quotation marks omitted); *see also Palmer v. Braun*, 376 F.3d 1254, 1258 (11th Cir. 2004). *See generally* 7 William F. Patry, Patry on Copyright § 25:86 (2016 ed.) ("***Every*** court to have examined the issue has held that Congress did not intend the Copyright Act to be applied extraterritorially beginning with the Supreme Court in 1908") (emphasis added); *Subafilms, Ltd. v. MGM–Pathe Communications*, 24 F.3d 1088, 1091 (9th Cir. 1994) (en banc) (holding that the lack of U.S. copyright laws application to extraterritorial infringement is an "***undisputed axiom***") (emphasis added); *Update Art*, 843 F.2d 67 at 73 ("It is well established that copyright laws generally do not have extraterritorial application.").

"***All*** agree that acts of infringement occurring entirely outside of the United States are not actionable under the Copyright Act." *Datacarrier, S.A. v. WOCCU Servs. Group*, 221 F. Supp. 3d 1078, (W.D. Wis. 2016) (emphasis added); *accord Well-Made Toy Mfg. Corp. v. Lotus Onda Indus. Co., Ltd.*, No. 02 CIV. 1151 (CBM), 2003 WL 42001, at *5 (S.D.N.Y.

---

[12] Defendants reserve all rights to raise a *forum non conveniens* defense, as they are presently evaluating whether South Africa is a better forum to adjudicate this matter, as well as whether questions of copyright ownership pertaining to Marantha, Next Music and Botha (which would be decided under South African law) impact Botha's standing to institute this action.

Jan. 6, 2003) ("Infringing acts which take place entirely outside of the United States are not actionable under United States copyright laws."). Consequently, to survive dismissal, Botha must provide specific factual allegations sufficient to establish that Shazam copied protected content in the United States or that a predicate act constituting actionable infringement occurred in the United States, which permitted further reproduction abroad. *See Levitin v. Sony Music Entm't*, 101 F. Supp. 3d 376, 384–86 (S.D.N.Y. 2015) ("Unless the act taking place in the United States . . . itself violate[s] the Copyright Act, there is no cause of action under the U.S. Copyright Act for foreign copyright infringement.") (internal citation and quotation marks omitted).

Botha has failed to do so. The FAC conspicuously fails to allege that Shazam made any unlawful copy of the Works in the United States, or that any Shazam user ever utilized the application in the United States in order to identify Botha's Works. (*See generally* FAC ¶¶ 71-77). While Exhibit F indicates that from the pool of Shazam's one hundred and fifty million plus actively monthly users, the Shazam app has been used to recognize the song "Ek Slaan My Oe Na Die Berge" a grand total of 127 times,[13] there are no allegations that any Shazam user in the United States ever attempted to identify Botha's Works recorded and distributed in South Africa.[14] As Shazam does not distribute, stream or broadcast music in the United States (or anywhere in the world), it is also of no consequence whether the FAC can be construed (it cannot) to allege that the Works were distributed, streamed or

---

[13] The FAC fails to offer any factual support that any user ever used Shazam to identify "U is Daar," anywhere in the world.

[14] Botha previously agreed to dismiss Sony Music Entertainment ("Sony") from this action, without prejudice, in recognition of the fact that Botha could not credibly allege that any of Sony's alleged actions occurred within the United States.

broadcasted in the United States.[15]

Further, even if a listener in the United States had used the Shazam app to identify Botha's Works, this still does not give rise to a cause of action under the United States Copyright Act. Shazam is based in the United Kingdom. (*See* Kerle Decl. ¶¶ 1, 4).[16] Its ingestion and recognition servers are located exclusively **outside** of the United States. (*See id.* ¶¶ 8-9). Consequently, even if it could be argued that Botha's Works were actually copied during Shazam's creation or recognition of an audio fingerprint, this copying would have occurred entirely outside of the United States and is, therefore, not actionable under the Copyright Act. *See Levitin*, 101 F. Supp. 3d at 386 ("[T]he court finds that Plaintiffs have failed to allege any violation of the U.S. Copyright Act by the Domestic Defendants. Accordingly, Plaintiffs' claim for copyright infringement against Domestic Defendants is dismissed."); *Elmo Shropshire v. Canning*, No. 10-cv-01941-LHK, 2011 WL 90136, at *4 (N.D. Cal. Jan. 11, 2011) ("[U]nder the allegations pled in the FAC, the Court can discern no act of infringement that occurred entirely within the United States. Accordingly, Plaintiff's

---

[15] The Exhibits attached to the FAC indicate that, to the extent that her Works were actually distributed and broadcast anywhere, they were distributed outside of the United States. (*See* FAC, Exs. F-H). If a plaintiff's allegations are contradicted by the attached exhibits, those allegations are insufficient to defeat a motion to dismiss. *See Peter F. Gaito Architecture*, 602 F.3d at 64 ("[T]he works themselves supersede and control contrary descriptions of them, including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings."); *Poindexter v. EMI Record Grp. Inc.*, No. 11 CIV. 559, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true.").

[16] The Court may consider matters extrinsic to the complaint when a challenge is raised to the Court's subject matter jurisdiction, such as an extraterritoriality defense. *Guadagno v. Wallack Ader Levithan Associates*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996) (holding that the court may decide a subject matter jurisdiction challenge on the basis of affidavits) (citing *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

claim for copyright infringement is dismissed.").[17]

The Court, therefore, lacks subject matter jurisdiction to adjudicate copyright claims against Shazam, which should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or Rule 12(b)(6) for failure to state a claim.  *See Hutson*, No. 14-CV-2307 (RJS), 2015 WL 9450623, at *6 ("Accordingly, because the Court lacks jurisdiction over Defendants' alleged infringement abroad, the Court grants Defendants' motion to dismiss Count Two."); *Levitin*, 101 F. Supp. 3d at 384 ("[D]istrict courts do not have subject matter jurisdiction over infringement occurring outside of the United States.") (citing *Update Art, Inc.*, 843 F.2d at 73)).

## II.   Botha's Request for Statutory Damages and Attorneys' Fees is Barred by the Copyright Act Because of Botha's Untimely Registration.

Even if Botha could sufficiently state a copyright claim against Shazam for alleged infringing acts occurring in the United States, Botha's request for statutory damages and attorneys' fees pursuant to Section 505 of the United States Copyright Act should be dismissed, with prejudice.  Botha's request for statutory damages and attorneys' fees is barred as a matter of law by Section 412 of the Copyright Act due to Botha's indisputable failure to register the Works within three months of their first publication in 2013, or before the alleged infringement occurred, as detailed in the Defendants' previously-filed dismissal

---

[17] In *Canning*, the court's dismissal was premised on the complaint's failure to allege that the defendant "marketed or advertised the video in the U.S., distributed, sold or exported the video to U.S. customers, or received any profit from posting the video on YouTube; in fact, Plaintiff did not sell the video to anyone."  *See* No. 10-cv-01941-LHK, 2011 WL 90136, at *4.  The *Canning* court granted leave to amend and subsequently found the plaintiff's allegations sufficient where U.S.-based servers were used in making unlawful reproductions, *see* 809 F. Supp. 2d 1139, 1145 (N.D. Cal. 2011), a possibility foreclosed in this case because Shazam's ingestion and recognition servers are located entirely outside of the United States.  (*See* Kerle Decl. ¶¶ 8-9).  When amending a complaint would be futile, a motion to dismiss should be granted with prejudice. *Lynch v. Amoruso*, 232 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) ("The amended complaint is dismissed with prejudice, as amendment would be futile and cause unnecessary delay.") (citing *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)).

motion.  (*See* D.E. 74).

Shazam hereby incorporates by reference the dismissal arguments raised in Section III(B) of Defendants' dismissal motion.  (*Id.*)

**III.    Botha's Florida Unfair Competition Claim Fails as a Matter of Law**.

Finally, the Court should dismiss Botha's unfair competition claim under Florida common law (Count III) because: (i) Botha failed to allege a nexus between Shazam's allegedly wrongful conduct and the state of Florida (or the United States for that matter); and (ii) the claim is preempted by the Copyright Act, as it is not qualitatively different from her copyright claims and does not contain the requisite "extra element" under Florida law.  These arguments, set forth in Section III(C) of Defendants' dismissal motion (D.E. 74), are also hereby incorporated by reference.

Additionally, as Shazam did not publish or distribute Botha's Works, the unfair competition allegations are simply inapposite and fail to satisfy the *Twombly/Iqbal* pleading standard.  Shazam cannot properly be described as a competitor of Botha, engaged in deceptive marketing activity, resulting in actual confusion among customers.  (*See* D.E. 74 at 12).  To the contrary, the Shazam app aids curious listeners by providing them with information about musical works, including the artist's name and song title(s).  Thus, rather than causing confusion, the Shazam app provides enlightenment.  The unfair competition count is both implausible and nonsensical with respect to Shazam.

**IV.    Venue is Proper in the Southern District of New York**.

Finally, Shazam agrees and incorporates by reference all of the arguments in favor of a transfer pursuant to 28 U.S.C. § 1404, from this Court to the Southern District of New York, as set forth in Defendants' previously-filed Motion to Transfer Venue (D.E. 73), which was granted in a tentative oral ruling during the July 17, 2018 Case Management Hearing,

and is to be memorialized in a forthcoming written order.  (*See also* Kerle Decl. ¶ 3).

## <u>CONCLUSION</u>

**WHEREFORE**, pursuant to Federal Rule of Civil Procedure 8, 12(b)(6) and 12(b)(1), Shazam respectfully requests that the Court enter an Order dismissing Botha's claims against Shazam with prejudice, or in the alternative, to dismiss with prejudice Botha's request for statutory damages and attorneys' fees, and Count II of Botha's FAC.

Dated:  July 20, 2018

Respectfully submitted,

**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302

By:   /s/  *James G. Sammataro*
James G. Sammataro
Florida Bar No. 520292
jsammataro@stroock.com
Hans Hertell
Florida Bar No. 71969
hhertell@stroock.com

*Attorneys for Shazam*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 20th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a notice of the foregoing document is being served this day on all counsel of record identified in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF this 20th day of July, 2018 to:

Carlos A. Leyva
Florida Bar No. 51017
Digital Business Law Group, P.A.
3958 Talah Dr.
Palm Harbor, Florida 34684
Telephone: 800.516.7903
Facsimile: 800.257.9128
E-Mail: cleyva@digitalbusinesslawgroup.com

*Attorneys for Plaintiff*

A. John P. Mancini (*pro hac vice*)
jmancini@mayerbrown.com
Allison Levine Stillman (*pro hac vice*)
astillman@mayerbrown.com
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 506-2500
Fax: (212) 849-5895

*Attorneys for Google LLC*

Dennis P. Waggoner
Florida Bar No. 509426
dennis.waggoner@hwhlaw.com
HILL WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite
3700
Tampa, FL 33602
Phone: (813) 227-8426
Fax: (813) 221-2900

Dale Cendali (*pro hac vice*)
dale.cendali@kirkland.com

Claudia Ray (*pro hac vice*)
claudia.ray@kirkland.com
Mary Mazzello (*pro hac vice*)
mary.mazzello@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
Phone: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for Apple Inc.*

Simon J. Frankel *(pro hac vice pending)*
sfrankel@cov.com
COVINGTON & BURLINGTON, LLP
One Front Street
San Francisco, California 94111
Phone: (415) 591-7052
Fax: (415) 955-6552

*Attorney for Microsoft Corporation*

Edward Soto
Florida Bar No. 0265144
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3177
Fax: (305) 374-7159
edward.soto@weil.com

R. Bruce Rich
Todd Larson
Jared R. Friedmann
(*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
bruce.rich@weil.com
todd.larson@weil.com
jared.friedmann@weil.com

*Attorneys for Alibaba Group (U.S.) Inc.*

/s/ James G. Sammataro